## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Virgin Islands |
|---|---|---|
| Name (under which you were convicted):<br>Craig Hendricks | | Docket or Case No.:<br>2004-0005 |
| Place of Confinement:<br>USP Canaan P.O. Box 300 Waymart, PA 18472 | | Prisoner No.:<br>01904-094 |
| UNITED STATES OF AMERICA<br><br>v. | | Movant (include name under which you were convicted)<br>Craig Hendricks |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    US District Court, S. Croix Dvision

    (b) Criminal docket or case number (if you know): 2004-0005

2. (a) Date of the judgment of conviction (if you know): 7/19/2007

    (b) Date of sentencing: 7/19/2007

3. Length of sentence: 480 Months

4. Nature of crime (all counts):

    21 U.S.C. § 846 (Count 1), 21 U.S.C. § 841 (Counts 2 and 3), possessing with intent to distribute and distributing 500 grams or more of cocaine (Counts 4, 9, and 10) and conspiracy to import 5 kilograms or more of cocaine in violation of 21 U.S.C. § 963 (Count 11)

5. (a) What was your plea? (Check one)

    (1)  Not guilty ☑    (2)  Guilty ☐    (3)  Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☑    Judge only ☐

Page 3

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☑

8. Did you appeal from the judgment of conviction?    Yes ☑    No ☐

9. If you did appeal, answer the following:

(a) Name of court:  USCA Third Circuit

(b) Docket or case number (if you know):  07-2820

(c) Result:  Affirmed

(d) Date of result (if you know):  5/6/0200

(e) Citation to the case (if you know):

(f) Grounds raised:

(1) The district court erred when it allowed the introduction of CI Rivera's video recordings in violation of Mr. Hendricks' sixth amendment confrontation rights. (2) Appellant's Sixth Amendment constitutional rights were violated when the district court allowed hearsay testimony of CI Rivera through outside sources. (3) Mr. Hendricks was denied his Sixth Amendment rights in that his counsel was denied reasonable access to him while incarcerated in Puerto Rico during the trial. (4) The evidence presented was insufficient for the jury to find the defendant guilty beyond a reasonable doubt, particularly as to those charges relating to money laundering.

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☑    No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know):  08-7631

(2) Result:

Writ Cert Denied

(3) Date of result (if you know):  1/12/2009

(4) Citation to the case (if you know):

(5) Grounds raised:

Crawford Violation in Appellate Court

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐    No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:        Yes ❑   No ❑

(2) Second petition:     Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

Sixth Amendment Violation - Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner presents that counsel rendered ineffective assistance when he failed to advise petitioner the extent of the government's case against him. (See Attached Memorandum of Law)

**(b) Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Ineffective assistance of counsel claims are to be raised in a Title 28 U.S.C. § 2255

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO:**

Sixth Amendment Violation - Ineffective Assistance of Counsel

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Trial counsel rendered ineffective assistance when counsel failed to advise petitioner of the federal sentencing guidelines relevant conduct provisions and how his final sentence would be determined on the basis of the guidelines.  (See Attached Memorandum)

**(b) Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑    No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

    Ineffective assistance of counsel claims are to be raised in a Title 28 U.S.C. § 2255

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑    No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑    No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑    No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑    No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

## GROUND THREE:

Sixth Amendment Violation - Ineffective Assistance of Counsel

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Trial counsel rendered ineffective assistance when he failed to object to the government's broadening of the superseding indictment.  (See attached Memorandum of Law)

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Ineffective assistance of counsel claims are to be raised in a Title 28 U.S.C. § 2255

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

Sixth Amendment Violation - Ineffective Assistance of Counsel

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Petitioner's counsel rendered ineffective assistance when he failed to move for dismissal of the indictment upon learning that lead agent Joe Tokarz had altered video evidence in the case. (See Attached Memorandum of Law)

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

    Ineffective assistance of counsel claims are to be raised in a Title 28 U.S.C. § 2255

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Ineffective assistance of counsel claims are to be presented in a Title 28 U.S.C. § 2255.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ☐   No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:
Joseph Mingolla, 1212 Bjerge Gade, Charlotte Amalie, St. Thomas (St. Thomas Co.)
(b) At arraignment and plea:
Andrew Capdeville, P.O. Box 6576, St. Thomas, VI 00801
(c) At trial:
Andrew Capdeville, P.O. Box 6576, St. Thomas, VI 00801
(d) At sentencing:
John Benham, P.O. Box 11720, Charlotte Amalie, St. Thomas, U.S. Virgin Islands

(e) On appeal:

Law Offices Henry E. Marines, 9485 Sunset Drive, Suite A -200, Miami, FL 33173

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Vacate Movant's Conviction and Sentence

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____01/11/2010_____ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

## Issue Five

Sixth Amendment Violation - Ineffective Assistance of Counsel

Counsel rendered ineffective assistance when he failed to file for dismissal of the charges based on prosecuting attorney's misconduct.

Ineffective assistance of counsel claims are to be raised in a Title 28 U.S.C. § 2255

## Issue Six

Sixth Amendment Violation - Ineffective Assistance of Counsel

Petitioner's sixth amendment right to access of counsel and to prepare a defense were obstructed when counsel was not able to have contact with petitioner to prepare a defense.

Ineffective assistance of counsel claims are to be raised in a Title 28 U.S.C. § 2255

## Issue Seven

Sixth Amendment Violation - Ineffective Assistance of Counsel

Counsel provided ineffective assistance which resulted in a sixth amendment violation when he failed to contest the amount of drugs attributed to petitioner absent any reliable sources alleged in the PSI Report.

Ineffective assistance of counsel claims are to be raised in a Title 28 U.S.C. § 2255