**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal Action No. 2004-0005** |
| ) | |
| **RUSSELL E. ROBINSON,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**Attorneys:**
**Alphonso G. Andrews, Jr., Esq.,**
St. Croix, U.S.V.I.
   *For the United States*

**Russell E. Robinson,** *pro se*

**ORDER**

THIS MATTER comes before the Court on Defendant's "Reconsideration Motion in re Document # 1390," filed on July 12, 2016. (Dkt. No. 1396). In his motion for reconsideration, Defendant requests that the Court reconsider certain factual and legal conclusions contained in its Memorandum Opinion and Order entered on July 7, 2016 (Dkt. No. 1390).[1] For the reasons that follow, the Court will deny Defendant's Motion.

"In order to prevail on a motion for reconsideration, a plaintiff must show '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct clear error of law or fact or to prevent manifest injustice.'" *Butler v. Pa. Bd. of Probation & Parole*, 613 F. App'x 119, 125 (3d Cir. 2015) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also*

---

[1] In the Court's July 7, 2016 Memorandum Opinion and Order, the Court, *inter alia*, granted Defendant's request to modify the travel condition of his supervised release as it relates to business and foreign travel; entered as an Order of the Court a "Stipulation" that requires Defendant and his probation officer in the Middle District of Florida to follow certain procedures when Defendant submits a request for business or foreign travel; and denied Defendant's request for early termination of his term of supervised release. (*See* Dkt. No. 1390).

Local Rule of Civil Procedure 7.3. The Third Circuit has held that there is "clear error if, 'after reviewing the evidence,' [the court is] 'left with a definite and firm conviction that a mistake has been committed.'" *Norristown Area Sch. Dist. v. F.C.,* 636 F. App'x 857, 861 n.8 (3d Cir. 2016) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)).

Reconsideration "is an extraordinary remedy, and should be granted sparingly." *Boldrini v. Wilson*, 2013 U.S. Dist. LEXIS 22249, at *4 (M.D. Pa. Feb. 19, 2013) (citing *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999)). Motions for reconsideration "are not substitutes for appeals and are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Greene v. V.I. Water & Power Auth.*, 2012 U.S. Dist. LEXIS 144382, at *4 (D.V.I. Oct. 5, 2012) (quoting *Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733, 45 V.I. 553 (D.V.I. 2004)).

Here, Defendant has not demonstrated any basis for reconsideration, such as an intervening change in the law, new evidence, or the need to correct a clear error of law or to prevent manifest injustice. Rather, Defendant asserts his disagreement with the Court's July 7, 2016 ruling; challenges certain factual findings of the Court; and raises the same arguments that the Court previously found to be without merit. None of the foregoing complaints raised by Defendant in his Motion are proper bases for reconsideration. *See Boretsky v. Ricci*, 2012 U.S. Dist. LEXIS 37239, at 19 (D.N.J. Mar. 20, 2012) ("Mere disagreement with the district court's decision is inappropriate on a motion for reconsideration, and should be raised through the appellate process."); *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (concluding that the district court appropriately denied a motion for reconsideration where the moving party advanced the same arguments that were in his complaint and motions).

In view of the foregoing, the Court concludes that Defendant has not provided any legitimate grounds for the Court to reconsider its July 7, 2016 Memorandum Opinion and Order.

Accordingly, it is hereby

**ORDERED** that Defendant's "Reconsideration Motion in re Document # 1390" is **DENIED**.

**SO ORDERED.**

Date: August 19, 2016                             _____/s/_____
                                                  WILMA A. LEWIS
                                                  Chief Judge