| DISTRICT COURT OF THE VIRGIN ISLANDS |
| :---: |
| DIVISION OF ST. CROIX |

| | | |
| --- | :---: | --- |
| UNITED STATES OF AMERICA, | | |
| **Plaintiff,** | | 1:04-cr-00005-1-WAL-GWC |
| v. | | |
| CRAIG M. HENDRICKS | | |
| **Defendant.** | | |

TO:   Craig M. Hendricks, *Pro Se*

### ORDER DENYING MOTION FOR RECUSAL

THIS MATTER is before the Court upon Defendant Craig M. Hendricks' "Motion Requesting Magistrate Judge George W. Cannon Jr., Immediate Recusal for Inaction with Issues of Fraud Before the Grandy Jury and Court" (ECF No. 1505). This Order is entered without expectation or necessity of response.

Defendant seeks the undersigned's recusal due to lengthy delays in ruling upon Defendant's pending motions and perceived bias in the undersigned's granting of the Government's Motion for Leave to Deposit Funds into Court's Registry to Pay Fine (ECF No. 1364).

## I.    BACKGROUND

On February 3, 2016, the Government filed a "Motion for Leave to Deposit Funds into Court's Registry to Pay Fine" ("Motion to Deposit Funds") (ECF No. 1364). In its Motion to Deposit Funds, the Government requested permission from the Court to deposit $20,500 seized from Defendant at the time of his arrest into the Court's registry pursuant to Federal

*USA v. Hendricks et al*
1:04-cr-00005-1-WAL-GWC
Order Denying Motion for Recusal
Page 2

Rule of Criminal Procedure 67, and further requested that a portion of that money to be used to satisfy Petitioner's debt to the United States resulting from the $10,000 fine imposed in judgment in this case. *Id.* at 1. Magistrate Judge George W. Cannon granted the Government's Motion to Deposit Funds that same day (ECF No. 1365).

Thereafter, Defendant filed a Motion for Leave to Supplement and a corresponding Supplemental Motion to Vacate (ECF Nos. 1392, 1393). In his Motion for Leave to Supplement, Defendant argues that the Government, in filing its Motion to Deposit Funds, acknowledged that the $20,500 seized from Defendant at the time of his arrest was money that Defendant derived through his legitimate business, and not—as the Government represented at trial—funds that were provided to confidential source Hector Rivera for use in a controlled drug transaction during the Government's investigation into Defendant's drug trafficking activities. (ECF No. 1392 at ¶¶ 8-9). Defendant therefore requests permission to supplement his Motion to Vacate based on these "new found facts." *Id.* at ¶ 9.

The Government filed its opposition (ECF No. 1397), and Defendant filed a reply (ECF No. 1398). On August 4, 2017, Defendant filed a Motion for Return of Interest on Fine and corresponding Supplement (ECF Nos. 1409, 1420).

Upon consideration of the limited contents of the Government's Opposition and Defendant's filing of a Motion for Return of Interest on Fine, District Judge Wilma A. Lewis ordered supplemental briefing from the Government. August 17, 2018 Court Order (ECF No. 1423). The Government filed its Opposition to Defendant's Motion for Return of

*USA v. Hendricks et al*
1:04-cr-00005-1-WAL-GWC
Order Denying Motion for Recusal
Page 3

Interest on Fine (ECF No. 1425). Upon consideration of the contents of the Government's

Opposition, District Judge Lewis once again ordered the Government to file supplemental

memorandum addressing these issues. September 5, 2018 Court Order (ECF No. 1427).

On September 27, 2018, the Court denied Defendant's Motion to Vacate (ECF Nos.

1440, 1441) without ruling upon Defendant's Motion for Leave to Supplement or Motion

for Return of Interest on Fine.

Defendant requested multiple extensions of time to file "any additional motions and

supplements necessary" in response to the Government's supplemental memorandum, as

Defendant had submitted and was waiting upon FOIA requests (ECF Nos. 1447, 1462,

1464). Defendant then filed "motions of new evidence" (ECF Nos. 1465, 1466). Defendant

requested a hearing upon the motions and that the Court's ruling upon the motions be

expedited (ECF Nos. 1471, 1472, 1473). On May 14, 2021, Defendant filed a "Motion to

Amend Motion for Leave to File Supplemental Brief[]", reiterating his arguments from his

original Motion for Leave to Supplement in 2016 (ECF No. 1499). These motions remain

pending.

## II.     APPLICABLE LEGAL PRINCIPLES

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United

States shall disqualify himself in any proceeding in which his impartiality might reasonably

be questioned." 28 U.S.C. § 455(a) (2018). "Proceeding" includes pretrial, trial, appellate

review, or other stages of litigation. 28 U.S.C. § 455(d)(1).

"The test for recusal under § 455(a) is 'whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned.'" *In re Kensington Int'l, Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003) (citing *Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir. 1987)). When identifying bias, "section 455(a), by providing for recusal when a judge's impartiality may 'reasonably be questioned'… mandates an objective rather than a subjective inquiry." *United States v. Bertoli*, 40 F.3d 1384, 1412 (3d Cir. 1994) (citing *Liteky v. United States*, 510 U.S. 540, 553 n.2 (1994)). "[T]he objective reasonable person standard should be applied to the actual facts underlying a litigant's claim of bias, not merely bald allegations made in support of a motion for recusal." *Manley v. Maran*, 2005 U.S. Dist. LEXIS 53180, at *3 (D.N.J. Mar. 1, 2005).

"[B]ecause judges are presumed to be impartial, 'the Court must begin its analysis of the allegations supporting … a request [for recusal] with a presumption against disqualification.'" *S.E.C. v. Bilzerian*, 729 F. Supp. 2d 19, 22 (D.D.C. 2010) (citing *Cobell v. Norton*, 237 F. Supp. 2d 71, 78 (D.D.C. 2003)).

### III.    DISCUSSION

In the above-captioned case, Defendant is not in any stage of litigation. Thus, Defendant is not entitled to relief under 28 U.S.C. § 455.

Even under a 28 U.S.C. § 455 analysis, Defendant would not be entitled to relief. Defendant alleges that the undersigned "did not perform the duties of the Court impartially

*USA v. Hendricks et al*
1:04-cr-00005-1-WAL-GWC
Order Denying Motion for Recusal
Page 5

or diligently" when the undersigned granted the Government's Motion to Deposit Funds without promptly applying "the information used to grant the Government's motion" to Defendant's § 2255 Motion to Vacate. Mot. at 3. The "information" is Defendant's assertion that the funds at issue were legitimate business funds, which is the foundation of his Motion for Leave to Supplement and a corresponding Supplemental Motion to Vacate (ECF Nos. 1392, 1393). As discussed above, these motions remain pending before District Judge Lewis. As the Court has yet to rule upon Defendant's Motion for Leave to Supplement, the "information" referred to by Defendant is in dispute and would not have been proper to "apply" to Defendant's § 2255 Motion to Vacate. Furthermore, it is not the role of this Court to "apply the information" to Defendant's § 2255 Motion to Vacate. It is the Defendant's responsibility to write, argue, and supplement his motions. Thus, the undersigned's actions do not indicate bias or a lack of impartiality.

Defendant further asserts that the undersigned "should have promptly ordered an evidentiary hearing" to address the pending motions. Mot. at 4. The Court has addressed Defendant's Motion for Leave to Supplement by requesting supplemental briefing from the Government twice. Defendant's dissatisfaction with the Court's delay on rulings on his various post-conviction motions are bald allegations. There is no objective reason to question the impartiality of the undersigned in this matter.

## IV. CONCLUSION

Accordingly, it is now hereby **ORDERED:**

*USA v. Hendricks et al*
1:04-cr-00005-1-WAL-GWC
Order Denying Motion for Recusal
Page 6

**1.** Defendant Craig M. Hendricks' "Motion Requesting Magistrate Judge George W. Cannon Jr., Immediate Recusal for Inaction with Issues of Fraud Before the Grandy Jury and Court" (ECF No. 1505) is **DENIED**; and

**2.** The Clerk of Court shall the following to pro se Defendant Hendricks via certified mail:

    a.   A copy of this Order; and

    b.   A copy of the docket.

ENTER:

Dated: January 20, 2022

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE