# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | 1:04-cr-00005-1-WAL-GWC |
| v. | |
| **CRAIG M. HENDRICKS** | |
| Defendant. | |
| _____ | |

TO:     Craig M. Hendricks, *Pro Se*
         Alphonso G. Andrews, Esq., AUSA

## ORDER DENYING MOTION

THIS MATTER is before the Court upon Defendant Craig M. Hendricks' "Renewed Motion Requesting the Return of Property and/or Compensation of Property Seized pursuant to Federal Rules of Criminal Procedure 41(g)" (ECF No. 1481). The Government filed its Opposition (ECF No. 1490) and Defendant replied (ECF No. 1491).

Defendant seeks the return of real and personal property seized and forfeited as a result of Defendant's criminal conviction.

### 1.  Reconsideration is Inappropriate

In March 2007, Defendant filed a motion requesting return of property (ECF No. 1100) and supplemental motion requesting return of property (ECF No. 1101). These motions listed the same property[1] as the instant "renewed" motion. On June 12, 2007, the

---

[1] Defendant's motion requesting return of property (ECF No. 1100) and supplemental motion requesting return of property (ECF No. 1101) did not list cash. The cash referred to in the instant motion is the subject of Defendant's pending Motion for Leave to Supplement and a corresponding Supplemental Motion to Vacate (ECF Nos. 1392, 1393) and Motion for Return of Interest on Fine and

*USA v. Hendricks*
1:04-cr-00005-1-WAL-GWC
Order Denying Motion
Page 2

Court denied the motions (ECF No. 1120). Thus, Defendant's instant motion is properly construed as a motion for reconsideration.

A motion for reconsideration "shall be filed within fourteen (14) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown." LRCi 7.3.

Pursuant to Local Rules of Civil Procedure Rule 7.3(a), parties may seek reconsideration of an order or decision of the Court based upon "1. an intervening change in controlling law; 2. The availability of new evidence, or; 3. the need to correct clear error or prevent manifest injustice." LRCi 7.3(a).

The Court will infer that Defendant is arguing that reconsideration is proper—despite being well outside of the 14-day window—because of the availability of new evidence, or the need to correct clear error or prevent manifest injustice.

## 2. Rule 41(g) is Inapplicable

Defendant cites Federal Rule of Criminal Procedure 41(g) in support of his instant motion.

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

---

corresponding Supplement (ECF Nos. 1409, 1420).

*USA v. Hendricks*
1:04-cr-00005-1-WAL-GWC
Order Denying Motion
Page 3

Fed. R. Crim. P. 41(g).

Defendant argues that "[t]he prosecution's "DELIBERATE" Fraud Upon the Court; violated [Defendant's] 14th Amendment to the United States Constitution's Due Process and Equal Protection Clause. The clear violation and total "MISCARRIAGE OF JUSTICE" that VOIDED any further proceeding after trial; namely the Forfeiture Allegation, portion of the Superseding Indictment."

Defendant appears to be arguing that his conviction was unlawful, thus the seizure of his property was unlawful and warrants return. On September 27, 2018, the Court denied Defendant's Motion to Vacate Sentence (ECF Nos. 1440, 1441). The instant motion is not the proper avenue to resuscitate Defendant's argument that his conviction was unlawful. Nor does Defendant's misplaced assertion that his conviction was unlawful constitute new evidence, or the need to correct clear error or prevent manifest injustice required for reconsideration. Thus, Defendant's motion is not ripe for reconsideration and must be denied.

### 3.    This Order Shall Not Apply to Cash

The Court notes that the instant motion requests the return of cash that was not requested in the original motion requesting return of property. *See supra* n.1. Thus, Defendant's request for the return of cash is not subject to the reconsideration analysis. Defendant's contentions regarding this cash amount are argued in his Motion for Leave to Supplement and a corresponding Supplemental Motion to Vacate (ECF Nos. 1392, 1393)

*USA v. Hendricks*
1:04-cr-00005-1-WAL-GWC
Order Denying Motion
Page 4

and Motion for Return of Interest on Fine and corresponding Supplement (ECF Nos. 1409, 1420). These motions have been the subject of supplemental briefing and remain pending before District Judge Lewis. Thus, this Order shall not be construed to interfere with the pending motions.

Accordingly, it is now hereby **ORDERED:**

1. Defendant Craig M. Hendricks' "Renewed Motion Requesting the Return of Property and/or Compensation of Property Seized pursuant to Federal Rules of Criminal Procedure 41(g)" (ECF No. 1481) is **DENIED**; and

2. The Clerk of Court shall send a copy of this Order to *pro se* Defendant Hendricks via certified mail.

ENTER:

Dated: January 21, 2022

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE